HONORABLE RONALD B LEIGHTON

LODGED
FILED
RECEIVED

APR 0 7 2003

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORY THOMAS, et al ,            )      NO  C01-5138 (RJB)RBL
                               )
        Plaintiffs,            )      PLAINTIFFS' TRIAL BRIEF
                               )      REGARDING ADMISSIBILITY OF
vs                             )      POLICE OFFICERS' MISCONDUCT
                               )      TO SHOW BIAS
CITY OF TACOMA, et al ,        )
                               )
        Defendants             )
                               )
_____)

Come Now the Plaintiffs and submit the following trial brief regarding the

admissibility of police officers' misconduct to show bias

    I       Bias is a Permissible Basis for Impeachment

        It is without question that a party may introduce evidence of a witness's bias in

order to impeach the witness   *United States v  Abel*, 469 45, 50-51, 105 S Ct  465, 83

L ed 2d 450 (1984), Joseph M  McLaughlin, Weinstein's Federal Evidence, Vol  4,

§607 04[1], pp  607-19 (2d ed  2002)

        Impeachment by showing the witness to be biased rests on two assumptions
        (1) that certain relationships and circumstances impair the impartiality of a
        witness, and (2) that a witness who is not impartial may, consciously or
        otherwise, shade his or her testimony in favor of or against a party  Since
        bias of a witness is *always* significant in assessing credibility, the trier of
        fact *must* be sufficiently informed of the underlying relationships,

IGINAL

LAW OFFICES
LEMBHARD G  HOWELL, P
PACIFIC BUILDING, SUITE 21
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296



C V 01 05138 #00000621

circumstances, and influences operating on the witness to determine whether a modification of testimony reasonably could be expected as a probable human reaction

Courts are therefore liberal in accepting testimony relevant to a showing of bias  Bias is never classified as a collateral matter lying beyond the scope of inquiry, or as a matter on which an examiner is required to take a witness's answer

Weinstein's Federal Evidence, *supra*, at 607-19 – 607-21 (internal cites omitted)

II    The Tacoma Police Officers' Misconduct against Plaintiffs is Admissible to Show their Bias against Plaintiffs

It has long been held that evidence of police brutality is admissible, both on cross-examination and through extrinsic evidence, to show that the police officer's testimony is biased  *See Blair v  United States*, 401 F 2d 387 (D C  Cir  1968), *see also Commonwealth v  Hall*, 736 N E 2d 425 (2000)

In *Blair*, two defendants, Blair and Suggs, who were convicted of robbery charges (among other things), appealed their convictions based on the trial court's exclusion of evidence of the arresting police officers' physical brutality against them [1]  *Blair* at 389 The court cited treatises and several other cases holding  "It is of course clear that the range of evidence that may be elicited for the purposes of establishing bias of a witness is quite broad and that accordingly evidence of police brutality is admissible for such purposes." *Blair* at 389  The court held that in the Suggs retrial, the trial court should admit the evidence of police brutality for establishing bias  *Id* at 390  The court based its ruling on three facts  that Suggs was able to testify about specific facts of brutality, (2) that there was physical evidence of brutality, and (3) that the United States' primary

---

[1] Suggs also challenged the trial court's admitting Suggs' statements made while in police custody when the officers failed to give Suggs his *Miranda* warnings

Plaintiffs' Trial Brief Re  Admissibility
of Police Misconduct – page 2, No  C01-5138 RBL

LAW OFFICES
LEMBHARD G  HOWELL, PS
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

1  witnesses were the police officers alleged of brutality *Id* Since the primary witnesses for
2  the United States were police officers, their credibility was of extreme importance, so
3  evidence which may reveal bias should be admitted

4  In *Commonwealth v Hall, supra,* the appellate court of Massachusetts overturned a
5  drug trafficking conviction against the defendant because the trial court refused to admit
6
7  evidence of police brutality, which the defendant attempted to introduce to show police
8  bias *Id* at 427 The defendant attempted to introduce evidence that the arresting police
9  officers used excessive force after the defendant was handcuffed, but the trial court refused
10 to admit the evidence finding that it was a collateral matter *Id* The appellate court held
11 that such a refusal was reversible error because "[e]vidence of bias is almost never a
12 collateral matter". *Id* at 429 The court held that once the defendant made a "plausible
13 showing that the circumstances existed on which the alleged bias is based," the evidence
14 should have been introduced *Id* The prosecution relied on police witnesses who testified
15
16 that the defendant threw the drugs from the car, that nobody other than the defendant left
17 the vehicle, and that the defendant resisted arrest when he was detained *Id* at 429 The
18 defendant's witnesses testified that there was another person in the vehicle who fled the
19 vehicle, that that person must have thrown the drugs out of the vehicle, and that the
20 defendant exited the vehicle with his hands up, fully compliant *Id* at 429-30 As such,
21
22 the appellate court in *Hall,* as in *Blair,* found that the case "hinged on the credibility of the
23 witnesses", so the evidence of the alleged police misconduct was extremely important

24     Possible bias of police witnesses was an important question in this case
       All nine prosecution witnesses were members of the narcotics division of
25     the Springfield police department If brutality had occurred, they would
       have had a motive to cover up the beating to protect themselves or their
26     fellow officers

Plaintiffs' Trial Brief Re Admissibility
of Police Misconduct – page 3, No C01-5138 RBL

LAW OFFICES
LEMBHARD G HOWELL, PS
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

*Hall* at 429, citing *Commonwealth v Maffei*, 471 N.E 2d 1364 (1984)

In our case, in each incident, the police officers' account of the events is in stark contrast with the plaintiffs and their witnesses' account of events   Therefore, the credibility of the witnesses and parties are central to the case   Plaintiffs intend to introduce into evidence several incidents of police brutality and other police misconduct against plaintiffs, all of which the defendants have notice of

These incidents reveal that the defendants and their fellow police officers' have a motive to lie in order to cover up their misconduct and that of their fellow officers   *See Blair, supra, see Hall, supra*   Plaintiffs' counsel should be able to cross-examine the officers regarding these incidents to show their bias.  If the officer denies that the incident occurred, plaintiffs should then be allowed to admit extrinsic evidence of the officers' brutality and other misconduct

Dated this 7th day of April, 2003

Respectfully submitted,

Law Offices of Lembhard G  Howell, P S

Lembhard G  Howell  WSBA #133
Attorney for Plaintiffs

LAW OFFICES
LEMBHARD G  HOWELL, P S
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

HON  RONALD B  LEIGHTON

```
                                          ┌──────────────────────────────┐
                                          │                        LODGED │
                                          │  FILED          RECEIVED      │
                                          │                               │
                                          │       APR 0 7 2003            │
                                          │                               │
                                          │   CLERK U S DISTRICT COURT    │
                                          │ WESTERN DISTRICT OF WASHINGTON AT TACOMA │
                                          │ BY                     DEPUTY │
                                          └──────────────────────────────┘
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORY L  THOMAS, ABDULLAH ALI,
MUHAMMAD ALEXANDER, and ISMAIL
RAHMAAN,

NO   C01-5138RJB

Plaintiffs,

vs

DECLARATION OF SERVICE

CITY OF TACOMA, a municipal corporation,
TACOMA POLICE DEPARTMENT, BRIAN
EBERSOLE, JAMES O  HAIRSTON, RAY
CORPUZ, KRISTI BUCKLIN, et al ,

Defendants

_____/

Adrienne Zouad states and declares:

I am a citizen of the United States of America, over the age of 21 years, and competent to be a witness herein.

That on the 7th day of April, 2003 I deposited with ABC Legal Messengers copies of the following documents in the above-captioned case

1

**ORIGINAL**

LAW OFFICES
LEMBHARD G  HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

1          1        Plaintiffs' Trial Brief Regarding Admissibility of Police Officers' Misconduct to

2                   Show Bias, and

3          5        This declaration

4                   With instructions to deliver said documents on the same business day to

5       Shelley M Kerslake, Esq
6       Tacoma City Attorney
        Civil Division
7       747 Market Street, Room 1120
8       Tacoma, WA 98402-3767

9                   I declare under penalty of perjury of the laws of the State of Washington that the foregoing is

10      true and correct  Executed at Seattle, Washington this _____ day of April,

11      2003

12

13                                       ADRIENNE ZOUAD

14

15                                       LEMBHARD G  HOWELL, P S
                                         720 Third Avenue, Suite 2105
16                                       Seattle, WA 98104
                                         (206) 623-5296
17

18

19

20

21

22

23

24

25

26

2

LAW OFFICES
LEMBHARD G  HOWELL, P S
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296