HONORABLE RONALD B LEIGHTON

LODGED
FILED
RECEIVED

APR 0 7 2003

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORY THOMAS, et al , | NO   C01-5138 (RJB)RBL |
| Plaintiffs, | PLAINTIFFS' TRIAL BRIEF REGARDING ADMISSIBILITY OF POLICE OFFICERS' MISCONDUCT TO SHOW BIAS |
| vs | |
| CITY OF TACOMA, et al , | |
| Defendants | |

Come Now the Plaintiffs and submit the following trial brief regarding the admissibility of police officers' misconduct to show bias

**I      Bias is a Permissible Basis for Impeachment**

It is without question that a party may introduce evidence of a witness's bias in order to impeach the witness   *United States v  Abel*, 469 45, 50-51, 105 S Ct  465, 83 L ed 2d 450 (1984), Joseph M  McLaughlin, Weinstein's Federal Evidence, Vol  4, §607 04[1], pp  607-19 (2d ed  2002)

> Impeachment by showing the witness to be biased rests on two assumptions (1) that certain relationships and circumstances impair the impartiality of a witness, and (2) that a witness who is not impartial may, consciously or otherwise, shade his or her testimony in favor of or against a party   Since bias of a witness is *always* significant in assessing credibility, the trier of fact *must* be sufficiently informed of the underlying relationships,



IGINAL 

C V  01 05138  #00000621

LAW OFFICES
LEMBHARD G  HOWELL, P
PACIFIC BUILDING, SUITE 21
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

circumstances, and influences operating on the witness to determine whether a modification of testimony reasonably could be expected as a probable human reaction

Courts are therefore liberal in accepting testimony relevant to a showing of bias   Bias is never classified as a collateral matter lying beyond the scope of inquiry, or as a matter on which an examiner is required to take a witness's answer

Weinstein's Federal Evidence, *supra*, at 607-19 – 607-21 (internal cites omitted)

II      The Tacoma Police Officers' Misconduct against Plaintiffs is Admissible to Show their Bias against Plaintiffs

It has long been held that evidence of police brutality is admissible, both on cross-examination and through extrinsic evidence, to show that the police officer's testimony is biased   *See Blair v  United States*, 401 F 2d 387 (D C  Cir  1968), *see also Commonwealth v  Hall*, 736 N E 2d 425 (2000)

In *Blair*, two defendants, Blair and Suggs, who were convicted of robbery charges (among other things), appealed their convictions based on the trial court's exclusion of evidence of the arresting police officers' physical brutality against them [1]  *Blair* at 389   The court cited treatises and several other cases holding  "It is of course clear that the range of evidence that may be elicited for the purposes of establishing bias of a witness is quite broad and that accordingly evidence of police brutality is admissible for such purposes." *Blair* at 389   The court held that in the Suggs retrial, the trial court should admit the evidence of police brutality for establishing bias  *Id*  at 390   The court based its ruling on three facts   that Suggs was able to testify about specific facts of brutality, (2) that there was physical evidence of brutality, and (3) that the United States' primary

---

[1] Suggs also challenged the trial court's admitting Suggs' statements made while in police custody when the officers failed to give Suggs his *Miranda* warnings

LAW OFFICES
LEMBHARD G  HOWELL, PS
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

1   witnesses were the police officers alleged of brutality  *Id*   Since the primary witnesses for

2   the United States were police officers, their credibility was of extreme importance, so

3   evidence which may reveal bias should be admitted

4      In *Commonwealth v  Hall, supra*, the appellate court of Massachusetts overturned a

5   drug trafficking conviction against the defendant because the trial court refused to admit

6   evidence of police brutality, which the defendant attempted to introduce to show police

7   bias  *Id*  at 427   The defendant attempted to introduce evidence that the arresting police

8

9   officers used excessive force after the defendant was handcuffed, but the trial court refused

10  to admit the evidence finding that it was a collateral matter  *Id*   The appellate court held

11  that such a refusal was reversible error because "[e]vidence of bias is almost never a

12  collateral matter".  *Id*  at 429   The court held that once the defendant  made a "plausible

13  *showing that the circumstances existed on which the alleged bias is based*," the evidence

14  should have been introduced  *Id*   The prosecution relied on police witnesses who testified

15

16  that the defendant threw the drugs from the car, that nobody other than the defendant left

17  the vehicle, and that the defendant resisted arrest when he was detained  *Id*  at 429   The

18  defendant's witnesses testified that there was another person in the vehicle who fled the

19  vehicle, that that person must have thrown the drugs out of the vehicle, and that the

20  defendant exited the vehicle with his hands up, fully compliant  *Id*  at 429-30   As such,

21  the appellate court in *Hall*, as in *Blair*, found that the case "hinged on the credibility of the

22  witnesses", so the evidence of the alleged police misconduct was extremely important

23

24          Possible bias of police witnesses was an important question in this case
            All nine prosecution witnesses were members of the narcotics division of
25          the Springfield police department  If brutality had occurred, they would
            have had a motive to cover up the beating to protect themselves or their
26          fellow officers

Plaintiffs' Trial Brief Re  Admissibility
of Police Misconduct – page 3, No  C01-5138 RBL

LAW OFFICES
LEMBHARD G  HOWELL, P S
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

1   *Hall* at 429, citing *Commonwealth v Maffei*, 471 N.E 2d 1364 (1984)

2       In our case, in each incident, the police officers' account of the events is in stark

3   contrast with the plaintiffs and their witnesses' account of events   Therefore, the

4   credibility of the witnesses and parties are central to the case   Plaintiffs intend to introduce

5   into evidence several incidents of police brutality and other police misconduct against

6   plaintiffs, all of which the defendants have notice of

7       These incidents reveal that the defendants and their fellow police officers' have a

8   motive to lie in order to cover up their misconduct and that of their fellow officers   *See*

9   *Blair, supra, see Hall, supra*   Plaintiffs' counsel should be able to cross-examine the

10   officers regarding these incidents to show their bias. If the officer denies that the incident

11   occurred, plaintiffs should then be allowed to admit extrinsic evidence of the officers'

12   brutality and other misconduct

13       Dated this 7th day of April, 2003

14

15

16                                   Respectfully submitted,

17                                   Law Offices of Lembhard G Howell, P S

18

19                                   Lembhard G Howell WSBA #133
                                     Attorney for Plaintiffs
20

21

22

23

24

25

26

Plaintiffs' Trial Brief Re Admissibility
of Police Misconduct -- page 4, No C01-5138 RBL

LAW OFFICES
LEMBHARD G HOWELL, PS
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

HON  RONALD B  LEIGHTON

FILED_____LODGED
_____RECEIVED

APR 0 7 2003

CLERK U S  DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORY L  THOMAS, ABDULLAH ALI,
MUHAMMAD ALEXANDER, and ISMAIL
RAHMAAN,

Plaintiffs,

vs

CITY OF TACOMA, a municipal corporation,
TACOMA POLICE DEPARTMENT, BRIAN
EBERSOLE, JAMES O  HAIRSTON, RAY
CORPUZ, KRISTI BUCKLIN, et al ,

Defendants

NO   C01-5138RJB

DECLARATION OF SERVICE

Adrienne Zouad states and declares:

I am a citizen of the United States of America, over the age of 21 years, and competent to be a witness herein.

That on the 7th day  of  April, 2003 I deposited with ABC Legal Messengers copies of the following documents in the above-captioned case

1

**ORIGINAL**

LAW OFFICES
LEMBHARD G  HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

1        1     Plaintiffs' Trial Brief Regarding Admissibility of Police Officers' Misconduct to

2             Show Bias, and

3        5     This declaration

4            With instructions to deliver said documents on the same business day to

5

6      Shelley M Kerslake, Esq
Tacoma City Attorney

7      Civil Division
747 Market Street, Room 1120

8      Tacoma, WA 98402-3767

9            I declare under penalty of perjury of the laws of the State of Washington that the foregoing is

10     true and correct  Executed at Seattle, Washington this _____ day of April,

11

12     2003

13                         ADRIENNE ZOUAD

14

15                    LEMBHARD G  HOWELL, P S
720 Third Avenue, Suite 2105

16                    Seattle, WA 98104
(206) 623-5296

17

18

19

20

21

22

23

24

25

26

2

LAW OFFICES
LEMBHARD G  HOWELL, P S
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296